UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS ) <br> CHINESE-MANUFACTURED FLOORING ) <br> PRODUCTS MARKETING, SALES ) <br> PRACTICES AND PRODUCTS LIABILITY ) <br> LITIGATION, ) <br> _____ ) | MDL No.: 1:15-md-02627-AJT |

THIS DOCUMENT RELATES TO ALL CASES
_____

**DEFENDANT LUMBER LIQUIDATORS' RULE 72 OBJECTIONS TO
MEMORANDUM OPINION AND ORDER REGARDING PRVILEGE**

Pursuant to Federal Rule of Civil Procedure 72 and in accordance with the Court's December 28, 2015 Order, (Doc. No. 757), Defendant Lumber Liquidators, Inc. ("Lumber Liquidators"), through its counsel, hereby objects in part to Magistrate Judge Jones' December 28, 2015 Order ("the Order"), (Doc. No. 757), denying attorney-client privilege and work product protection to certain documents exchanged and communications between Lumber Liquidators and third-parties. Lumber Liquidators respectfully submits that the Order is erroneous in the following respects:

Mercury Public Affairs, LLC

The Order errs as a matter of law to the extent it held that Lumber Liquidators cannot withhold client communications, opinions of in-house or outside counsel, and other work product that were disclosed *to* Mercury so that Mercury could aid Lumber Liquidators in publicly defending itself against allegations that it violated various regulatory requirements. (Doc. 757 at 2–3); *see* (Doc. 756, *in camera* Def.'s Ex. 1 at 1; Ex. 3 at 2; Ex. 4 at 2, 9; Ex. 12 at 1, 3).[1] The Order treats documents and communications *to* Mercury the same as documents and

---

[1] All citation to Exhibits submitted *in camera* refers to those offered as representative samples by Lumber Liquidators in conjunction with the parties' joint brief. (Doc. 756).

communications *from* Mercury, without drawing a distinction.  Privileged or otherwise protected materials in the former category, some of which were pre-existing documents or communications, do not lose their protection by being disclosed to Mercury, which the Court correctly found was the functional equivalent of a Lumber Liquidators' employee, and should be protected.  For example, *in camera* Exhibits 3 and 4 plainly disclose to Mercury outside counsel's confidential analysis regarding engagement with CARB, litigation strategy and certain regulatory requirements, respectively, yet currently fall outside the categories of material addressed by the Court's opinion.  However, these materials clearly contain confidential privileged communications and should be protected.

With regard to its analysis of documents and communications both *to* and *from* Mercury under the work product doctrine, the Order appears to erroneously apply the wrong work product standard--analyzing whether the material was intended to "assist" counsel in defending against legal claims, *see* Order at 3, not whether the documents were generated by either counsel or by Mercury "because of" current litigation or the prospect of additional litigation, the work product standard followed by the Fourth Circuit.  *See Paice, LLC v. Hyundai Motor Co.*, 302 F.R.D. 128, 132–33 (D. Md. 2014) ("[T]he Fourth Circuit has adopted the 'because of' standard." (citing *National Union Fire Ins. Co. of Pittsburgh v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992))).  The Order categorizes documents and communications as: those "assisting defendant only in the business activity of managing a public/customer relations crisis" and those "to plan the defense of claims made in litigation" or that are related to a "communication about interaction with an agency." (Doc. 757 at 3.)  However, the Order fails to ask whether disclosure of the documents and communications would tend to reveal confidential client communications, *United States v. (Under Seal)*, 748 F.2d 871, 874 (4th Cir. 1984), or whether the documents

would have been created and in the same form—whether by counsel or by Mercury—if there was not pending (and still more anticipated) litigation facing Lumber Liquidators over these allegations.  *See Paice*, 302 F.R.D. at 132–33 (The "because of" standard asks "'whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation.'" (quoting 8 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2024 (3d ed. 2010))); *see also In re El-Atari*, Bankr. No. 09-14950, 2013 WL 593705, at *4-6 (Bankr. E.D. Va. Feb. 14, 2013) (explaining the contours of the "because of" test and its application to "dual purpose" documents).  Because it ignores reality to conclude that Lumber Liquidators' retention of Mercury and direction to its counsel to actively advise and consult with Mercury to shape Lumber Liquidators' public response to allegations of illegal conduct was not done *because of* the litigation—mitigating damages to the companies' stock, warding off civil suits, and forestalling governmental investigation—the Order erred in denying work product protection to documents and communication generated so that Mercury could respond to these allegations.  *See* (Doc. 756 at 17–20) (citing cases).

<u>Benchmark International ("Benchmark")</u>

With respect to the Benchmark documents, the Order erred to the extent it held that only the testing results themselves are entitled to work product immunity and that Lumber Liquidators has to produce all other "communications from, to, or including Benchmark."  (Doc. 757 at 4–5.)  Although not explicit in the Order, the Magistrate Judge appears to have reached this conclusion by analyzing only the test *results* under the work product doctrine and all other communications solely under the attorney-client privilege, thus failing to consider work product immunity for communications related to the testing.  *See* (*id.*).  If the specialized testing results are work

3

product (as the Order correctly finds, *see id.* at 4), then all communications and documents regarding that testing—including communications about how to test and what products to test—are work product as well. Like the tests themselves, these communications were created "because of" litigation and would not have otherwise existed but for the present and/or anticipated litigation. They should be protected and should not be required to be produced. *See, e.g.*, (Doc. 756, *in camera* Ex. 28); *see also Paice*, 302 F.R.D. at 132–33 ("[T]he Fourth Circuit has adopted the 'because of' standard." (citations omitted)).

The Order also erred to the extent it found that opinion work product immunity did not apply and that work product documents could be made discoverable upon a showing of "substantial need." (Doc. 757 at 4.) Documents submitted *in camera* demonstrate that these communications reveal the mental impressions and conclusions of counsel regarding the specialized work product testing. *Compare* (Doc. 756, *in camera* Exs. 25, 26, 28, and 34), *with* Rule 26(b)(3)(B) *and Vardon Golf Co. v. BBMG Golf Ltd.*, 156 F.R.D. 641, 648 (N.D. Ill. 1994) (facts relating to which types of golf clubs were selected for testing is "strongly indicative of the mental impressions, conclusions, opinions, or legal theories of [party's] attorneys"; "selection of the tests and test data would surely reflect the attorney's strategy"). These opinion work product documents enjoy "nearly absolute immunity" from discovery which cannot be overcome by "substantial need." *In re Allen*, 106 F.3d 582, 607 (4th Cir. 1997).

Finally, the Order erred to the extent it found that Benchmark was not a lawyer agent in the context of the four test periods and that communications regarding the testing were not protected by attorney-client privilege. *See* (Doc. 757 at 4–5). While Benchmark initially was retained by Lumber Liquidators as its agent, its role *did* morph with respect to the specialized testing into a lawyer agent. Benchmark was retained separately by outside counsel, performed

4

testing at the request and direction of inside and outside counsel, sent bills to inside and outside counsel, and sent testing results to inside and outside counsel.  *See* (Doc. 756, Ex. A at ¶¶ 14–26, Ex. E at 1; *see also* Doc. 756, *in camera* Exs. 17, 20, 21, 23, 30, 32.)  In the alternative, Benchmark was a Rule 26(b)(4)(B) consulting expert and its documents are protected from discovery absent a showing of "exceptional circumstances."  *See MeadWestvaco Corp. v. Rexam, PLC*, No. 1:10CV511 GBL/TRJ, 2011 WL 2938456, at \*6 (E.D. Va. July 18, 2011) (party not required to disclose materials that non-testifying experts prepared at direction of counsel in anticipation of litigation where no "exceptional circumstances" justified disclosure).

## CONCLUSION

Wherefore, for these reasons and those stated in its initial memorandum, (Doc. 756), Lumber Liquidators requests that the Order be vacated in part and that Lumber Liquidators' claims of privilege and work product be vindicated by this Court.

Date: December 30, 2015

Respectfully Submitted,

LUMBER LIQUIDATORS, INC.

By Counsel

*/s/ William L. Stern*
William L. Stern (Pro Hac Vice)
E-mail: wstern@mofo.com
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482
415.268.7000 (Telephone)
415.268.7522 (Facsimile)
*Defendant's Co-Lead Counsel*

*/s/ Diane P. Flannery*
Diane P. Flannery (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGuireWoods LLP
Gateway Plaza
800 East Canal Street
Richmond, VA  23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendant's Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2015, a true and correct copy of the foregoing was filed electronically with the clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A.  This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter who has consented to electronic service.  I also hereby certify that that same day a true and correct copy was served by U.S. Mail upon unrepresented parties, listed below:

**Karriem v. Lumber Liquidators, Inc.**, No. 1:15-cv-2765

**Elijah Karriem (*pro se*)**
1404 Asbury Court
Hyattsville, Maryland 20782

*/s/ Diane P. Flannery*
Diane P. Flannery, Esq. (VSB No. 85286)
E-mail: dflannery@mcguirewoods.com
McGUIREWOODS LLP
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219-3916
804.775.1015 (Telephone)
804.698.2047 (Facsimile)
*Defendant's Co-Lead Counsel*