**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED FLOORING PRODUCTS MARKETING, SALES PRACTICES AND PRODUCTS LIABILITY LITIGATION, | MDL No. l:15-md-02627 (AJT/TRJ) |
| This Document Relates to ALL Cases | |

**PLAINTIFFS' OPPOSITION TO LUMBER LIQUIDATORS, INC.'S**
**MOTION FOR PARTIAL RECONSIDERATION OF ORDER**
**OVERRULING LUMBER LIQUIDATORS' RULE 72 OBJECTIONS**

I.      **INTRODUCTION**

For the third time in five weeks, Defendant Lumber Liquidators, Inc. asks this Court to

consider and rule upon the exact same issue.  The Court should reject this invitation.  Lumber

Liquidators has cited no new controlling cases (nor any changes in controlling cases) and

produced no new facts to support its argument. Nor has Lumber Liquidators demonstrated any

prejudice to it if the ruling stands.  Lumber Liquidators' argument is premised entirely upon the

notion that the Court has **twice** "failed to understand" Lumber Liquidators' work product

privilege arguments that were the subject of extensive briefing and oral argument.  While

Lumber Liquidators' motion is limited to the results of tests conducted by Benchmark between

August and November 2014,[1] this limitation does not change the fact that the nature of the test

results, Lumber Liquidators' arguments, and the basis for the Court's two rulings, remain

unchanged.  In addition, the Benchmark testing Lumber seeks to keep privileged is both highly

relevant and otherwise unavailable to Plaintiffs. As recited by Defendant, this Court rightly

concluded that the Plaintiffs had shown a special need to obtain the test results from 2013 that

Lumber Liquidator possessed to show what it knew and when.  Similarly, the 2014 Benchmark

results can show Defendant knowingly made statements to the public and to concerned

consumers assailing deconstructive testing that were contradicted by results within its

possession.[2]  With no other means to obtain these test results, the Court should deny Lumber

---

[1] Lumber Liquidators does not contest the Court's ruling as to Benchmark test results during the
other time periods noted by Judge Jones. Def. Mem. at 4.

[2] Evidence produced shortly before the parties briefed this issue and that Plaintiffs have recently
reviewed, indicates that Lumber Liquidators invoked these tests to publicly represent that testing
has confirmed that the products do not contain elevated formaldehyde levels.  Such public
representations would waive any privilege and would constitute a separate basis to compel
Lumber Liquidators to produce the test results.  In the event the Court is inclined to reverse its
ruling, Plaintiffs ask that the Court allow supplemental briefing on the issue of whether Lumber
Liquidators waived the privilege it is asserting.

Liquidators' Motion for Partial Reconsideration of Order Overruling Lumber Liquidators' Rule 72 Objections.[3]

## II.   <u>BACKGROUND</u>

On December 18, 2015, via joint submission, the Plaintiffs moved to compel certain materials Lumber Liquidators claimed as privileged.  *See* Joint Submission, (Document No. 756).  That joint submission included Defendant's arguments as to why results of testing conducted by Benchmark International of Lumber Liquidators' products constituted opinion work product, *see* Joint Submission at 40-42, and why, even if the test results were held to be fact work product, Plaintiffs would be unable to show "substantial need" for the test results.  *See* Joint Submission at 45-47.

On December 28, 2015, the Court issued an Order granting in part, denying in part, and deferring in part, the motion.  *In re: Lumber Liquidators Chinese-Manufactured Flooring Products Marketing, Sales Practices and Products Liability Litigation,* MDL No. 1:15-md-02627 (E.D. Va.), Memorandum Opinion and Order, December 28, 2015 (Document No. 757) ("Order").  In relevant part, the Court held that the Benchmark International test results were not opinion work product but fact work product.  Order at 4.  The Court then deferred ruling upon whether the Plaintiffs could demonstrate "substantial need" for the Benchmark International test results (such that the documents would be subject to production) and scheduled oral argument on this issue for January 5, 2016, the date of the next status conference.  *Id.*

On December 30, 2015 Lumber Liquidators filed a Rule 72 objection to the Order.  *See*

---

[3]  Lumber also asks the Court to treat all communications with Benchmark regarding its testing as opinion work product. Plaintiffs ask that the Court ensure in its order that only those communications that actually reveal impressions, conclusions, and opinions of counsel be excluded, and not communications that may demonstrate who received the test results and when.

(Document No. 769) ("Rule 72 Objection").  In its Rule 72 Objection, Lumber Liquidators

argued that the Court erred in holding that Benchmark's test results were fact and not opinion

work product and erred in holding that these "work product documents could be made

discoverable upon a showing of 'substantial need.'"  Rule 72 Objection at 4.

On January 5, 2016, the Court heard oral argument on Lumber Liquidators' Rule 72

Objections.  *See* Transcript of January 5, 2016 Hearing, 27-52.  At the conclusion of those

arguments, the Court: (a) overruled Lumber Liquidators' Rule 72 Objection; (b) upheld the

ruling that the Benchmark test results were fact work product and that Plaintiffs had shown

"substantial need" for those results; and (c) ordered that Lumber Liquidators produce the test

results.  *See id.* at 48-52. *See also*, Jan. 6, 2016 Order (Doc. No. 775.)

On January 21, 2016, Lumber Liquidators asked the Court to reconsider its determination

that the results of tests conducted by Benchmark during the August to November 2014 time

frame are opinion work product.  Defendant asserts that certain test reports done during this time

were at the direction of counsel, as part of a strategy ████████████████

████████████████████████.  Def. Mem. at 6.[4] As an alternative, Defendant

asks that even if such results are fact work product, that the Court reverse itself and now find that

Plaintiffs have not demonstrated a substantial need for the results.  As was the case before, these

arguments fail.

---

[4]  Plaintiffs understand that Lumber Liquidators is not seeking in its motion that the Court permit it to withhold as opinion work product all test results from Benchmark during the time period of August to November 2014; █████████████████████████████ █████████████████████.  As such, it is Plaintiffs' understanding that any other Benchmark test results from August to November 2014 that are not related to that project are to be produced consistent with the Court's Jan. 6, 2016 Order.  In any event, all of the Benchmark test results should be similarly construed as fact work product, and produced to Plaintiffs in light of the substantial need for the results as demonstrated here and before the Court at the January 5th hearing.

## III.     LEGAL STANDARD

A motion for reconsideration aimed at an order that did not result in a final judgment "is

properly addressed under Federal Rule of Civil Procedure 54(b). . . ." *Zaklit v. Glob. Linguist*

*Solutions, L.L.C.*, No. 1:14cv314 (JCC/JFA), 2014 U.S. Dist. LEXIS 115984, at *3 (E.D. Va.

Aug. 19, 2014) (citing *Bradford v. HSBC Mortg. Corp.*, 838 F. Supp. 2d 424, 427 (E.D. Va.

2012)).  "The Fourth Circuit has made clear that the standards governing reconsideration of final

judgments are not determinative of a Rule 54(b) motion." *Id.* (citing *Am. Canoe Ass'n v. Murphy*

*Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)).  That said, "[c]ourts generally do not depart

from a previous ruling unless  '(1) a subsequent trial produces substantially different evidence,

(2) controlling authority has since made a contrary decision of law applicable to the issue, or (3)

the prior decision was clearly erroneous and would work manifest injustice.'" *Id.* at *5 (citing

*Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003) (citation omitted)).

"Such problems 'rarely arise and the motion to reconsider should be equally rare.'"

*Zaklit*, 2014 U.S. Dist. LEXIS 115984, at *5 (quoting *Above the Belt, Inc. v. Mel Bohannan*

*Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).  Indeed, "[t]he courts do not entertain motions

to reconsider which ask the Court merely to 'rethink what the Court had already thought

through—rightly or wrongly.'" *McCoy v. Robinson*, Civil Action No. 3:08cv555, 2011 U.S.

Dist. LEXIS 136718, at *27 (E.D. Va. Nov. 28, 2011) (quoting *Above the Belt, Inc. v. Mel*

*Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## IV.     DISCUSSION

### A.     There Are No Changes in Circumstances That Would Justify Reconsideration

Lumber Liquidators asks this Court to revisit whether the Benchmark International test

results and/or reports conducted from August to November 2014 are fact work product and

whether those results must be produced because Plaintiffs have substantial need for them.  The

Court should deny this request as Lumber Liquidators cannot satisfy the criteria necessary to

justify reconsideration.

To begin, Lumber Liquidators has not and cannot point to any trials or proceedings

subsequent to the Court's December 28, 2015 Order or its January 5, 2016 hearing at which

substantially different evidence was produced.  If anything, Lumber Liquidators' motion is

premised on the exact same factual material it proffered to the Court in the Joint Submission,

namely the Declaration of E. Livingston B. Haskell and exhibits thereto.  *See* Def. Mem. at 1;

Joint Submission at 6.[5]

Second, Lumber Liquidators has not cited any controlling authority that has emerged

since the Court issued either of its Orders that runs counter to the Court's rulings.  Indeed, every

case cited in support of Lumber Liquidators' motion predates the December 28, 2015 Order and

was previously available.  Moreover, none of the cases on which Lumber Liquidators relies as to

its operative argument are controlling authority.  *See* Def. Mem. at 5 (citing cases from the

federal district courts of Washington, D.C., Vermont, and Connecticut).[6] Accordingly, Lumber

Liquidators' entire motion rests on the argument that the Court's prior Orders and rulings are

"clearly erroneous" and if left standing "would work manifest injustice."  *See Zaklit*, 2014 U.S.

---

[5]  To the extent that Lumber Liquidators relies upon the Haskell Declaration and accompanying exhibits to support its argument, Plaintiffs are, obviously, at a great disadvantage in their ability to address this argument as that Declaration and its exhibits were submitted *in camera*.  On the other hand, the Court has seen the Declaration and exhibits previously.

[6]  Defendant cites a decision issued by the United States Court of Appeals for the Fourth Circuit, but only for the general (and uncontroverted position) that materials properly characterized as opinion work product enjoy almost complete immunity from discovery.  *See* Def. Mem. at 4 (citing *Better Gov't Bureau v. McGraw (In re Allen)*, 106 F.3d 582 (4th Cir. 1997)).  In any event, *In re Allen* did not involve a question of whether testing results could be characterized as fact work product nor whether such testing results could be obtained because the opposing party had a substantial need for them.

Dist. LEXIS 115984, at *5 (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515

(4th Cir. 2003) (citation omitted) (setting forth grounds for motion for reconsideration under

Rule 54(b)).  As shown below, it cannot and has not satisfied this criterion.

> **B**.     **The Court's Ruling That the Test Results are Fact and Not Opinion Work Product Is Not Clearly Erroneous**[7]

"There are two kinds of documents protected by the work product doctrine – fact work

product and opinion work product – the latter of which contains the mental impressions of

attorneys." *McCarthy v. Wells Fargo Bank* (*In re El-Atar*i), No. 09-14950-BFK, Chapter 7,

Adversary Proceeding No. 11-01427, 2013 Bankr. LEXIS 589, at *6 (Bankr. E.D. Va. Feb. 14,

2013) (cited authority omitted); *see Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967

F.2d 980, 984 (4th Cir. 1992) (citing *Duplan Corp. v. Moulinage et Retorderie de Chavanoz*, 509

F.2d 730, 730, 735-36 (4th Cir. 1974), *cert. denied*, 420 U.S. 997 (1975)) (opinion work product

contains "'mental impressions, conclusions, opinions, or legal theories . . . concerning the

litigation'").

After briefing, argument and examination of the factual submissions made by Lumber

Liquidators (much of which was in camera and thus not available to Plaintiffs) the Court

determined that while the Benchmark test results were work product "within the ambit of Rule

26" they "are not opinion work product within the meaning of the rule . . . ." Order at 4. The

Court held that rather than containing mental impressions, legal conclusions, or legal theory,

"[t]hey report facts only. . . ." *Id.*  After Lumber Liquidators filed its Rule 72 Objection, the

Court revisited this issue and again found that the test results are just that – results, not opinion

---

[7] In the Joint Submission, Plaintiffs argued that the Benchmark International test results did not constitute material protected from disclosure by the work product doctrine.  The Court ruled otherwise, which Plaintiffs understand and acknowledge.  However, Plaintiffs should not be interpreted herein as changing or waiving their position on this issue.

or theory – and thus held again that the test results were not opinion work product. *See*

Transcript of January 5, 2016 Hearing, 49.

Despite the Court's careful review of the briefing and oral argument, Lumber Liquidators

asserts that the August to November 2014 test results are still different from the other test results.

The supposed distinction lies in Lumber retaining Benchmark in the August to November 2014

time period to ███████████████████████████████████████████████

███████. Def. Mem. at 6. But this argument is undercut by the very cases cited by Lumber

Liquidators.

Lumber Liquidators relies on the decision in *FTC v. Boehringer Ingelheim Pharms., Inc.*,

286 F.R.D. 101 (D.D.C. 2012) to support the argument that test results can be converted into

opinion work product because they somehow reflect the mental impressions of attorneys. Def.

Mem. at 5. But that case was vacated in relevant part on appeal. *FTC v. Boehringer Ingelheim*

*Pharms., Inc.*, 778 F.3d 142, 151 (D.C. Cir. 2015), *reh'g denied*, No. 12-5393, 2015 U.S. App.

LEXIS 9353 (D.C. Cir. June 4, 2015), *motion to file petition for cert. granted,* 136 S. Ct. 437

(2015), *cert. denied*, No. 15-560., 2016 U.S. LEXIS 692 (U.S. Jan. 19, 2016).

In *Boehringer*, the underlying holding that financial analyses constituted opinion work

product (because they offered insight into the mental impressions of counsel) was appealed by

the Federal Trade Commission ("FTC"). The Circuit Court of Appeals for the District of

Columbia vacated that precise portion of the district court holding and held that these analyses

were fact work product. *FTC v. Boehringer Ingelheim*, 778 F.3d at 151 ("The FTC argues that

the District Court applied an overly broad definition of opinion work product [as to financial

analyses].  After carefully reviewing the materials submitted in camera and the record as a whole, we agree.")[8]

Also unable to support the Defendant is the decision in *Fortunati v. Campagne*, No. 1:07-CV-143, 2009 U.S. Dist. LEXIS 10729 (D. Vt. Feb. 12, 2009).  Def. Mem. at 5.  In that case, the question was whether press releases drafted by the Vermont Attorney General's office itself were subject to disclosure.  Here, the issue does not concern press releases drafted by counsel's own office, but third-party testing results.  Nothing Lumber Liquidators has cited undercuts this Court's ruling.

Lumber Liquidators has failed to provide a basis upon which the Court should reconsider its holding that the Benchmark test results are fact work product.

### C.     The Court's Ruling That Plaintiffs Have "Substantial Need" for the Benchmark Testing Results Is Not Clearly Erroneous

Lumber Liquidators also has not shown any reason for the Court to reconsider its ruling that Plaintiffs demonstrated substantial need for the Benchmark testing results in the August to November 2014 time period.

As Plaintiffs noted in the Joint Submission, discovery of documents protected by fact work product may be permitted where there is a substantial need for the information sought and where the substantial equivalent of the information sought is unavailable.  Joint Submission at 53 (quoting *E.I. Dupont De Nemours & Co. v. Kolon Indus., 26*9 F.R.D. 600, 608 (E.D. Va. 2010)

---

[8]  The decision in *Rodriguez v. SLM Corp.*, No. 3:07-CV-1866, 2010 Dist. LEXIS 33639 (D. Conn. Apr. 5, 2010) also does not appear to be on such solid footing as Defendant would suggest.  While the ruling in that case was not reversed, on a motion for reconsideration, the court in *Rodriguez* indicated that "if the plaintiffs were to limit the scope of their Requests for Admission to the time frame alleged in the Third Amended Complaint during which plaintiffs Rodriguez and Gregoire were applying for students loans, the Court currently has no basis for concluding that responses would implicate these privileges or be subject to a protective order on that basis." *Rodriguez v. SLM Corp.*, Civil No. CIV. NO. 3:07CV1866 (WWE), 2010 U.S. Dist. LEXIS 65638, at *5 (D. Conn. July 1, 2010).

(cited and quoted authorities omitted)); *see also Sanford v. Virginia*, Civil Action No. 3:08cv835, 2009 U.S. Dist. LEXIS 83979, at *6-7 (E.D. Va. Sept. 14, 2009) (citing Fed. R. Civ. P. 26(b)(3)(A) and *Nat'l Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 983-84 (4th Cir. 1992)).  "Thus, discovery of fact work product is permitted, but a party seeking disclosure must demonstrate that its need is truly substantial, and that there is no reasonable substitute for the documents they seek." *Sanford*, 2009 U.S. Dist. LEXIS 83979, at *8.

"A non-exhaustive list of factors to be assessed in determining substantial need includes: (1) importance of the materials to the party seeking them for case preparation; (2) the difficulty the party will have obtaining them by other means; and (3) the likelihood that the party, even if he obtains the information by independent means, will not have the substantial equivalent of the documents he seeks." *Sanford*, 2009 U.S. Dist. LEXIS 83979, at *8-9 (citing Fed. R. Civ. P. 26, advisory committee's note, 1970 Amendments).

Here, the Court considered those factors and found that Plaintiffs had met their burden of showing "substantial need."  Hearing Transcript at 49-50.  Lumber Liquidators persists that there is no substantial need for the August to November 2014 test results because those results do not show what Lumber Liquidators knew and when it knew it about CARB compliance, and are not relevant to Plaintiffs' misrepresentation claims.  *See* Def. Mem. at 6-7.

But this argument fails.  For one thing, "what" Lumber Liquidators knew and "when" is not the test for "substantial need."  The test for "substantial need" is as stated in the *Sanford* decision.  And, under that rubric, there clearly is a "substantial need" for the August to November 2014 test results.  Defendant has claimed repeatedly ███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████



. The Benchmark test results regarding

the assessment of deconstructive testing could demonstrate that Lumber Liquidators was

misleading the public and its customers when it denigrated the reliability of deconstructive

testing.  Such evidence is relevant to Plaintiffs' consumer fraud and fraudulent concealment

claims.  These test results may be the only means Plaintiffs can show Lumber knowingly misled

the public and consumers about the propriety of deconstructive testing.

In short, Lumber Liquidators has failed to provide any new facts, case law or arguments

that would support its argument and give the Court any reason to reconsider its ruling that

Plaintiffs have substantial need for *all* of the Benchmark test results.

## V.      CONCLUSION

For all of the foregoing reasons, the Court should deny Lumber Liquidators' Motion for

Partial Reconsideration of Order Overruling Lumber Liquidators' Rule 72 Objections.

DATED: February 1, 2016                    Respectfully submitted,

                                           */s/ Steven J. Toll*
                                           Steven J. Toll (VSB No. 15300)
                                           E-mail: stoll@cohenmilstein.com
                                           Douglas J. McNamara (*Pro Hac Vice*)
                                           E-mail: dmcnamara@cohenmilstein.com
                                           Cohen Milstein Sellers & Toll, PLLC
                                           1100 New York Ave NW, Suite 500
                                           Washington, DC 20005
                                           202.408.4600 (Telephone)
                                           202.408.4699 (Facsimile)

*Plaintiffs' Co-Lead Counsel*

*/s/ Steve W. Berman*
Steve W. Berman (*Pro Hac Vice*)
E-mail: steve@hbsslaw.com
Ari Y. Brown (*Pro Hac Vice*)
E-mail: ari@hbsslaw.com
Hagens Berman Sobol Shapiro LLP
1918 Eighth Avenue, Suite 3300
Seattle, WA  98101
206.623.7292 (Telephone)
206.623.0594 (Facsimile)

*Plaintiffs' Co-Lead Counsel*

*/s/ Nancy Fineman*
Nancy Fineman (*Pro Hac Vice*)
E-mail: nfineman@cpmlegal.com
Matthew K. Edling (*Pro Hac Vice*)
E-mail: medling@cpmlegal.com
Cotchett, Pitre & McCarthy, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
650.697.6000 (Telephone)
650.697.0577 (Facsimile)

*Plaintiffs' Co-Lead Counsel*

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2016, a true and correct copy of the foregoing was filed electronically with the Clerk of this Court using the CM/ECF system, and in accordance with Local Rules and the procedures adopted in the Initial Order and Pretrial Order No. 1A.  This filing will cause a copy of the same to be served, via a Notice of Electronic Filing, upon counsel of record in this matter who have consented to electronic service.

*/s/ Steven J. Toll*_____
Steven J. Toll (VSB No. 15300)
E-mail: stoll@cohenmilstein.com
Cohen Milstein Sellers & Toll, PLLC
1100 New York Ave NW, Suite 500
Washington, DC 20005
202.408.4600 (Telephone)
202.408.4699 (Facsimile)

*Plaintiffs' Co-Lead Counsel*